IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| MIKE JALILI, individually and on behalf of others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 2:15-cv-04200-NKL |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court is Plaintiff Mike Jalili's motion to amend the Complaint, Doc. 49, and motion to bifurcate, Doc. 55. For the reasons set forth below, Plaintiff's motion to amend is granted in part and denied in part. Plaintiff's motion to bifurcate is denied.

**I.  Background**

Plaintiff filed this action on July 29, 2015, in the Circuit Court of Cole County, Missouri. The case was subsequently removed to the Western District of Missouri on September 22, 2015.

In the Complaint, Plaintiff alleges that Defendant American Family Mutual Insurance Company routinely breached the terms of the homeowners insurance policies it issued in Missouri by failing to include an amount for sales tax on materials at the time it makes actual cash value ("ACV") payments on claims. The Complaint alleges the

existence of a single class under Federal Rule of Civil Procedure 23(b)(3), and seeks a determination from the Court that American Family is liable for breaching the terms of the policies and owes the class members damages for the underpayments.

The initial Complaint named two plaintiffs, Mike Jalili and Holly Lambert. On April 20, 2016, Holly Lambert was voluntarily dismissed from the case because the parties learned that she had been paid for the sales tax on her ACV claim. Therefore, Mike Jalili is the only named plaintiff remaining in the lawsuit.

## II. Discussion

Pending before the Court are two motions filed by Plaintiff: a motion to amend the Complaint and a motion to bifurcate.

### A. Motion to Amend Complaint

Plaintiff's motion to amend the Complaint requests leave to make two amendments. First, Plaintiff would like to amend the Complaint to allege both a declaratory and injunctive relief class under FRCP 23(b)(2) and a damage class under FRCP 23(b)(3). Second, Plaintiff seeks leave to add additional named plaintiffs.

Plaintiff requests leave to add an additional class pursuant to FRCP 23(b)(2) to seek injunctive and declaratory relief for American Family's actions. The requirements for this type of class action differ from a class action seeking damages under FRCP 23(b)(3). Rule 23 states in relevant part as follows:

> **(b) Types of Class Actions.** A class action may be maintained if Rule 23(a) is satisfied and if:
> . . .
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive

2

> relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting ony individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findigns include:
>> (A) the class members' interests in individualy controlling the prosecution or defense of separate actions;
>> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>> (D) the likely difficulties in managing a class action.

Plaintiff contends that allowing amendment of the Complaint will result in more efficient litigation of this case because the Court will be able to simultaneously address liability and the propriety of class certification of the 23(b)(2) class.

American Family contends that Plaintiff's request to amend to add a 23(b)(2) class should be denied because allowing the amendment would be futile. American Family argues that because it has changed its definition of ACV in 2013, injunctive relief is inappropriate as the Plaintiff faces no risk of future or ongoing harm.[1]

While American Family voluntarily changed its definition of ACV, "a class action for injunctive relief and damages properly brought under Rule 23(a) and (b)(2) should not be dismissed merely because a subsequent change in policy by the defendant has eliminated the necessity for future injunctive relief . . . ." *Arkansas Ed. Ass'n v. Board of Ed. of Portland Ark. School Dist.*, 446 F.3d 763, 768-69 (8th Cir. 1971). "Defendants who argue mootness due to changed circumstances based on their own behavior face a

---

[1] American Family's homeowners policies renew annually, so the earlier definition of ACV is not part of any currently-effective policies.

3

heavy burden." *Charleston Housing Authority v. U.S. Dept. of Agriculture*, 418 F.3d 729, 740. However, a plaintiff's mere speculation that future injury may occur is not enough to warrant injunctive relief. *Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).

Prior to 2013, American Family homeowners insurance policies provided as follows:

> **Actual Cash Value** means the amount it costs to repair or replace property with property of like kind and quality less depreciation for physical deterioration and obsolescence.

In 2013, the definition was changed to the following:

> **Actual Cash Value** means the least of the:
> a. value of damaged property;
> b. change in value of damaged property directly due to the loss;
> c. cost to repair the damaged property; or
> d. cost to replace damaged property less a deduction that reflects depreciation, age, condition, and obsolescence;
> at the time of the loss.

Plaintiff has not sought to certify a class based on the new ACV definition and the definition is not contested in this lawsuit. Moreover, American Family changed its definition of ACV in 2013, two years before this lawsuit was filed in 2015. As the policy change occurred long before litigation over the pre-2013 ACV definition arose, the Court cannot reasonably expect that American Family will revert to its old ACV definition, which moots Plaintiff's request for injunctive relief.[2] *See Adams v. Texas & Pacific*

---

[2] The Court also notes that the 2013 definition appears to restrict ACV payments substantially by providing four potential payment schemes and allowing American Family to pay the least of the four amounts. Given the obvious benefit this change had for American Family, it is exceedingly unlikely that the company will revert to the past definition which afforded American Family fewer payment options.

4

*Motor Transport Co.*, 408 F.Supp. 156 (E.D. La. 1975) (holding that plaintiff's claim was moot where defendant voluntarily changed the contested policy in August 1971 and plaintiff did not file his lawsuit until January 1972); *cf U.S. v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199 (1968) and *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167 (2000) (both concluding that a defendant's voluntary cessation of the contested behavior did not moot the case where the circumstances allegedly mooting the action arose after the lawsuits were filed).

As any claim for injunctive relief is moot in light of the change to the ACV definition, permitting Plaintiff to amend the complaint would be futile. Plaintiff contends that even if it is impossible to achieve injunctive relief, he is still entitled to declaratory relief. However, it is inappropriate to certify a (b)(2) class absent potential injunctive relief. "Declaratory relief 'corresponds' to injunctive relief when as a practical matter it affords injunctive relief or serves as a basis for later injunctive relief. [Section (b)(2)] does not extend to cases in which the appropriate final relief relates exclusively or predominantly to money damages." Fed. R. Civ. P. 23(b)(2) advisory committee's note to 1966 amendment. Even though Plaintiff does not seek money damages through the (b)(2) class and proposes litigating damages via a separate (b)(3) class, certification of a (b)(2) class would be inappropriate where it is impossible for the Plaintiff to achieve injunctive relief or a declaratory judgment that automatically leads to a class wide damage amount. *See* § 1775 Class Actions for Injunctive or Declaratory Relief Under Rule 23(b)(2) – In General, 7AA Fed. Prac. Proc. Civ. § 1775 (3d ed.).

American Family also argues that the motion should be denied as it was filed out of time. The current scheduling order set the deadline for amending the complaint and adding new parties at December 21, 2015. Plaintiff did not file its motion until April 18, 2016.

"A district court may appropriately deny leave to amend where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Moses.com Securities, Inc. v. Comprehensive Software Systems, Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (internal quotation marks omitted). However, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Delay alone is an insufficient justification for denying a plaintiff's motion to amend. *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998).

Plaintiff's delay in filing the motion to amend does not preclude amendment to add additional named plaintiffs because the amendment will promote efficiency by ensuring that if Mr. Jalili, the current sole named plaintiff, becomes unable to serve as class representative at some point there will be another individual present to take his place. "When mootness of the named plaintiff's claims occurs, intervention by absentee members is freely allowed in order to substitute them as class representatives." *Newberg on Class Actions* § 2:17. Therefore, if Mr. Jalili's claim was to be mooted in the future, the Court would then have to entertain motions for intervention. By allowing the

6

addition of new named plaintiffs at this stage, the Court minimizes the possibility that later intervention will be necessary and corresponding delays incurred.

Any prejudice to American Family as a result of this amendment is minimal. Plaintiff notes in its briefing that it will work with American Family to produce the new representatives for depositions and cooperate to complete any needed discovery as quickly as possible to minimize the impact on the Defendant. Plaintiff also represents that American Family already has the majority of the information related to the claims of the new representatives. Defendant may request an extension of time to produce its expert report if it is impracticable to submit the report on July 15, 2016 in accordance with the current deadline.

### B. Motion to Bifurcate

Plaintiff requests that this case be bifurcated to allow for litigation of the (b)(2) class prior to proceeding with discovery and motions relevant to the (b)(3) class. As the Court has denied Plaintiff's motion to amend to add the proposed (b)(2) class, bifurcation would serve no purpose. Therefore, Plaintiff's motion to bifurcate is denied.

## III. Conclusion

For the reasons set forth above, Plaintiff's motion to amend is granted in part and denied in part. Plaintiff is permitted to amend its Complaint for the sole purpose of adding class representatives. Plaintiff may not amend its Complaint to add the proposed (b)(2) class. Plaintiff's motion to bifurcate is denied.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: June 27, 2016
Jefferson City, Missouri